IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENDY ALISON NORA,

                Appellant,                              ORDER

v.                                                  (UNDER SEAL)

RESIDENTIAL FUNDING COMPANY, LLC,          10-cv-68-bbc

                Appellee.

---

In this appeal of an order of the United States Bankruptcy Court for the Western District of Wisconsin, debtor-appellant Wendy Nora has filed several motions. She is requesting at least a 45-day stay of her bankruptcy appeal because she is suffering from a flare up of her fibromyalgia, for which she also is seeking general accommodations under the Americans With Disabilities Act. Dkts. 2 and 11. In support of her requests, Nora has submitted a report from her therapist, who states that Nora requires the following:

1. A standing accommodation for time off triggered by one telephone call to the ADA Administrative Office informing the ADA Coordinator that she is implementing her accommodation for the length of time she anticipates she needs to abate her symptoms.

2. Flexibility with deadlines when her chronic pain interferes with her ability to sustain attention to the issues at hand.

3. Breaks during court proceedings if she becomes symptomatic, or if she is highly symptomatic, she will need a postponement.

4. Assistance with loading and unloading her files for legal proceedings.

5. Bailiff, security, or other assistance to lift her materials and escort her to all legal proceedings, and back to her car on

>    occasions when she does not have a personal assistant available to assist her.
>
> 6. A system of data analysis and correction available for use when misinformation is used for the purpose of exploiting her condition to her detriment and the detriment of her client. The data analysis is a short form correction wherein the misinformation is identified and presented to the trier of fact for correction on the record with all evidence and exhibits provided.

Dkt. 11, Exh. 1 at 5.

Appellee Residential Funding opposes an indefinite extension and notes that Nora has been claiming illness since she first filed for Ch. 11 bankruptcy. Dkt. 12. Residential Funding notes that Nora has been able to make several filings in all her open cases, including a state court foreclosure proceeding in which she just lost at summary judgment, and had an attorney admitted pro hac vice in the bankruptcy court.

Nora has moved to have Residential Funding's opposition brief placed under seal, and in the alternative, requests a hearing on the issue. Dkts. 13-14. Residential Funding does not oppose the motion to seal. Dkt. 15. Nora also wants the court to strike portions of Residential Funding's brief that "mischaracterize" her therapist's report.

I am granting Nora's request for a 45-day stay in this court's proceedings and will extend her filing deadlines to account for this stay.[1] I am granting Nora's request to seal Residential Funding's opposition brief. Having considered Nora's assertions that Residential Funding's opposition mischaracterized her therapist's report, I find it unnecessary to strike any portions of that document.

---

[1] Because I am counting the 45 days from the date of this order (March 1, 2010) rather than the date Nora filed this appeal (February 11, 2010) Nora actually is receiving a 62 day stay, over two weeks more than she requested.

It is not clear why Nora is making the requests numbered 3, 4 and 5 above. I surmise that Nora presents this same list to every court in each of her cases without differentiation. Bankruptcy appeals do not require court appearances, they are resolved on the parties' written submissions. If scheduling conferences, status conferences or motion hearings become necessary, then the court will hold them telephonically.

As for Requests No 1 and No. 6: first, this court cannot allow Nora to obtain extensions of her deadlines *ex parte* simply by calling the clerk's office; second, this court does not have an ADA Administrative Office or an ADA Coordinator; and third, this court has not given the clerk of court or his deputies the authority to communicate ex parte with parties about material matters, and extending court-ordered deadlines is a material matter. Therefore, any and all requests for accommodation, requests for extensions or requests to challenge respondent's filings, must be made to a judge of this court by way of a filed and served motion. The court will allow input from respondent before ruling on any such request. I understand Nora's general point that if she were able to file a motion for an extension, then she probably could perform the actual work within the deadline and wouldn't be asking for an extension. But this case presents a bankruptcy appeal, for which there are no interstitial, quick or unexpected events or deadlines. Nora has two months, until April 29, 2010, to submit all of her documents in support of her appeal. Additionally, the court is more than doubling the usual 14-day deadline for the reply brief, giving Nora 30 days total. It does not appear that any additional accommodations currently are necessary.

Even so, if unforeseeable problems do arise, then this court will provide Nora with whatever additional accommodations the court determines she actually needs within the limits

of fairness to respondent and the requirements of Fed. R. Civ. P. 1.  The judges in this court are familiar with fibromyalgia, in part due to their frequent review of social security disability cases in which the claimant has fibromyalgia.  If Nora's health becomes so precarious that she cannot even file motions, or if she determines that she will need additional extensions beyond the 45 days that this court has just granted, then Nora might have to retain an attorney to represent her in this matter.  It will be up to Nora to keep this court apprised of all relevant circumstances.

ORDER

IT IS ORDERED that:

1. Appellant Wendy Alison Nora's motion to continue and extend, dkt. 2, is GRANTED in part and DENIED in part.  Proceedings in this case are stayed for a period of 45 days from the date of this order.  Appellant's 14 days to file her brief and any other documents in support of her appeal begins to run on April 15, 2010; therefore, appellant's filing deadline in support of her appeal is April 29, 2010.  Respondent's response is due 14 days after service of appellant's filings.  The usual 14-day reply deadline is extended 16 days to a total of 30 days to accommodate appellant's asserted disabilities.

2. Appellant's motion for approval of ADA accommodations, dkt. 11 (sealed), is DENIED WITHOUT PREJUDICE because it appears to be academic in this case.

3. Appellant's motion to seal and strike portions of the opposition filed by appellee Residential Funding LLC, dkt. 11, is GRANTED in part and DENIED in part.  Appellee's opposition brief, dkt. 12, will be placed under seal.  Appellant's motion to strike portions of that brief is DENIED as unnecessary.

4. Appellant's motion and amended motion for a hearing, dkts. 13-14, are DENIED as unnecessary.

Entered this 1st day of March, 2010.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge