IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WENDY ALISON NORA,

                       Appellant,                  SEALED ORDER

   v.

                                                              10-cv-68-bbc

RESIDENTIAL FUNDING COMPANY, LLC,

                       Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 1, 2010, Magistrate Judge Crocker gave appellant Wendy Alison Nora a 62-day extension until April 29, 2010, to file documents in support of her bankruptcy appeal because she advised the court that she was suffering from a flareup of her fibromyalgia. Dkt. #16. On April 27, 2010, appellant filed a second request for an extension, stating that she was "still lacking basic functionality in my personal cases." Dkt. #18 at ¶ 21. Noting that appellant is entitled to a reasonable number of extensions of a reasonable length but recognizing that appellee Residential Funding Company, LLC and the public have interests in the just, speedy and inexpensive resolution of this case, Magistrate Judge Crocker granted appellant's motion only in part, giving her an additional two weeks to file her supporting documents. Dkt. #19. Appellant filed a motion for reconsideration, which the magistrate

1

judge denied on May 6, 2010.  Appellant now moves for reconsideration of the magistrate judge's decision under 28 U.S.C. § 636(b)(1)(A).  Dkt. #26.

Appellant asserts that the magistrate judge erred as a matter of law in requiring her to retain an attorney in order to continue her appeal if she remained unable to represent herself.  Appellant mischaracterizes the magistrate judge's ruling; He merely stated in his March 1, 2010 order that if appellant needed additional extensions or if her health became so precarious that she could not file further motions, she "might have to retain an attorney to represent her."  Dkt. #16 at 4.  The decision whether to retain counsel was appellant's, not the court's.  It was no error of law to suggest that appellant consider hiring an attorney to represent her.

Appellant also contends that the magistrate judge misunderstands the persistent nature of her cognitive impairment and set unreasonable deadlines in her case.  I disagree.  This court has been more than accommodating of appellant's impairment.  She was given a two-month extension and an additional two weeks within which to file her supporting documents.  Continuing to provide appellant with extensions in this matter is unfair to both appellee and the court.  Appellant's appeal of the magistrate judge's ruling will be denied.

Because appellant did not comply with the magistrate judge's order and file documents in support of her appeal by May 14, 2010, her appeal of the decision of the

United States Bankruptcy Court for the Western District of Wisconsin will be dismissed for her failure to prosecute it.

ORDER

IT IS ORDERED that

1. Appellant Wendy Alison Nora's motion for reconsideration of the magistrate judge's May 6, 2010 decision is DENIED.

2. Appellant's appeal of the order of the United States Bankruptcy Court for the Western District of Wisconsin is DISMISSED for appellant's failure to prosecute.

3. The clerk of court is directed to enter judgment in favor of appellee Residential Funding Company, LLC and close this case.

Entered this 12th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge